```
John R. Manning
Attorney at Law
1111 H Street, Suite 204
Sacramento, CA 95814
(916) 444-3994
Fax (916) 447-0931
jmanninglaw@yahoo.com

Attorney for Defendant
MIGUEL HUITRON
```

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>MIGUEL HUITRON,<br><br>        Defendant. | Case No.: 2:10 CR 162 JAM<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER<br><br>Date:   June 11, 2019<br>Time:   9:15 a.m.<br>Judge:  Honorable John A. Mendez |

     The United States of America through its undersigned counsel, Heiko Coppola, Assistant United States Attorney, together with counsel for defendant Miguel Huitron, John R. Manning, Esq., hereby stipulate the following:

     1. By previous order, this matter was set for a change of plea hearing on April 2, 2019.

     2. By this stipulation, the defendant now moves to continue the change of plea until June 11, 2019 at 9:15 a.m. The parties move to exclude time between April 2, 2019 and June 11, 2019 under Local Code T-2 (complexity of the case) and Local Code T-4 (to allow defense counsel time to prepare). Such time exclusions were previously ordered in this matter prior to Mr. Huitron being brought before the Court.  Such exclusions still seem to be appropriate based on the amount of defendants and discovery (as noted below).

1

3. The parties agree and stipulate, and request the Court find the following:

    a. This is a nine-year-old wire-tap case with (originally) 12 defendants. The United States has produced 8,536 pages of discovery and eleven discs of audio files and call translations.

    b. Mr. Huitron has been provided a draft plea agreement by the government. The plea agreement contemplates attributing a significant amount of methamphetamine to Mr. Huitron. Additionally, the plea agreement contemplates the possibility of a guideline enhancement related to leadership. After receiving the plea agreement Mr. Huitron has requested the opportunity to review with counsel a second time, a number of phone calls wherein Mr. Huitron is either allegedly one of the voices on the recording or is referred to by the individuals who were recorded. The noted recordings are extremely numerous but are all related to either the drug totals and/or the potential leadership enhancement. When initially reviewed with the defendant the recordings lacked context. Now that Mr. Huitron has been provided with a draft plea agreement he is better able to understand how the recordings may be relevant to his potential guideline calculations (and sentence). Additionally, defense counsel has retained the services of an expert who has not yet completed his analysis of wire-tap related issues.

Finally, defense counsel has requested from the government a (potentially) significant volume of additional discovery.

|   |   |   |
|---|---|---|
| | c. | Counsel for the defendant believes the failure to grant a continuance in this case would deny defense counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence. |
| | d. | The Government does not object to the continuance. |
| | e. | Based on the above-stated findings, the ends of justice served by granting the requested continuance outweigh the best interests of the public and the defendant in a speedy trial within the original date prescribed by the Speedy Trial Act. |
| | f. | For the purpose of computing time under the Speedy Trial Act, 18 United States Code Section 3161(h)(7)(A) within which trial must commence, the time period of April 2, 2019, to June 11, 2019, inclusive, is deemed excludable pursuant to 18 United States Code Section 3161(h)(7)(A) and (B)(ii) and (iv), corresponding to Local Code T-2 and T-4 because it results from a continuance granted by the Court at the defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. |

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

| | |
|---|---|
| Dated:   March 26, 2019 | /s/  John R. Manning<br>JOHN R. MANNING<br>Attorney for Defendant<br>Miguel Huitron |
| Dated:   March 26, 2019 | McGregor W. Scott<br>United States Attorney<br><br> /s/ Heiko P. Coppola<br>HEIKO P. COPPOLA<br>Assistant United States Attorney |

**ORDER**

The Court, having received, read, and considered the stipulation of the parties, and good cause appearing therefrom, adopts the stipulation of the parties in its entirety as its order.

IT IS SO FOUND AND ORDERED this 26th day of Marcy, 2019.

/s/ John A. Mendez
HONORABLE JOHN A. MENDEZ
UNITED STATES DISTRICT COURT JUDGE