UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MIGUEL CASTELLANOS HUITRON,<br><br>　　　　　Defendant. | No.  2:10-cr-00162-DAD<br><br>ORDER DENYING DEFENDANT'S MOTION TO REDUCE HIS SENTENCE UNDER 18 U.S.C. § 3582(c)(2)<br><br>(Doc. No. 459) |

On May 17, 2024, defendant Miguel Castellanos Huitron filed a *pro se* motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Part B of Amendment 821 to the U.S. Sentencing Guidelines ("U.S.S.G."). (Doc. No. 459.) Defendant seeks a reduction in his sentence as a zero-point offender pursuant to U.S.S.G. § 4C1.1. (*Id.* at 1.) On May 21, 2024, the motion was referred by minute order to the Office of the Federal Defender ("FDO") for possible assumption of representation. (Doc. No. 460.) On June 26, 2024, the FDO filed a notice with the court indicating that it would not be assuming defendant's representation in connection with the pending motions. (Doc. No. 461.) On July 10, 2024, the government filed an opposition to defendant's motion. (Doc. No. 462.) Defendant Huitron did not file a reply.

Because defendant Huitron is not eligible for the relief he seeks pursuant to § 3582(c)(2), the court will deny the pending motions to reduce his sentence.

/////

**BACKGROUND**

On June 28, 2022, pursuant to a plea agreement, defendant Huitron entered a plea of guilty to conspiracy to distribute and possess with intent to distribute at least 50 grams of actual methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), as charged in Count 1 of the indictment. (Doc. Nos. 430, 431, 450 at 1.)

The presentence report ("PSR") prepared in defendant's case calculated his total offense level as 37 and his criminal history category as I (based on a finding of a criminal history score of 0), resulting in an advisory sentencing guidelines range calling for a term of imprisonment of between 210 and 262 months. (Doc. Nos. 450 at 8–9, 12; 450-1 at 1.)

At the sentencing hearing on March 14, 2023, the court adopted the findings of the PSR as to offense level, criminal history category and advisory sentencing guideline range. (Doc. No. 456.) The court, however, varied downward from the advisory sentencing guideline range after considering the factors set forth in 18 U.S.C. § 3553(a), in particular noting that the defendant had been detained in local custody for over five years at the time of his sentencing without having suffered any significant rule violations, and imposed a sentence of 198 months imprisonment followed by a 60-month term of supervised release. (Doc. Nos. 456, 457.) The court entered judgment on March 21, 2023. (Doc. No. 457.)

In his pending motion, defendant moves to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) based upon Amendment 821 to the U.S.S.G. (Doc. No. 459.) Specifically, defendant contends that he is eligible for a sentence reduction based on Part B of Amendment 821 and U.S.S.G. § 4C1.1(a). (*Id*. at 1, 3–4.)[1] That new provision reduced the advisory sentencing guideline range for those who had no criminal history points—so-called zero-point offenders.

/////

/////

---

[1] In his pending motion, defendant notes that he has maintained clear conduct while in prison and continues to program in a way advancing his rehabilitation. (Doc. No. 459 at 4.) While laudable, such efforts play no role in the determination of whether defendant qualifies under the eligibility prong for the reduction of sentence that he requests.

**ANALYSIS**

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021) (quoting *Dillon v. United States*, 560 U.S. 817, 819 (2010)); *see also* 18 U.S.C. § 3582(c); *United States v. Tadio*, 663 F.3d 1042, 1046 (9th Cir. 2011); *United States v. Barragan-Mendoza*, 174 F.3d 1024, 1028 (9th Cir. 1999) ("[D]istrict courts do not have 'inherent authority' to reconsider sentencing orders."). "But this general rule is subject to several exceptions." *United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021). One of those exceptions is found in 18 U.S.C. § 3582(c)(2), which provides:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

District courts are to engage in a "two-step inquiry" in determining whether a sentence reduction is appropriate under 18 U.S.C. § 3582(c)(2). *United States v. Brito*, 868 F.3d 875, 879 (9th Cir. 2017) (citing *Dillon*, 560 U.S. at 826). "First, a district court must determine whether a prisoner is eligible for a sentence reduction under the Commission's policy statement in § 1B1.10." *Id.* (citing *Dillon*, 560 U.S. at 827). "Second, a district court must 'consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.'" *Id.* (quoting *Dillon*, 560 U.S. at 827). The Ninth Circuit has "called these steps the 'eligibility prong' and the 'discretionary prong.'" *Id.* (quoting *United States v. Dunn*, 728 F.3d 1151, 1157 (9th Cir. 2013)).

Defendant contends that at the time of his sentencing he had no prior criminal history, is a zero-point offender and is entitled to a reduction in his sentence. (Doc. No. 459 at 1, 3.)

As the government points out in its opposition, however, even though defendant Huitron was not found to have any criminal history points, he was assessed a four-point upward

3

adjustment in his offense level under U.S.S.G. § 3B1.1(a) based upon the court's finding that he was the leader of a criminal activity that involved five or more participants.[2]  (Doc. No. 450 at 8.) Thus, he does not meet the requirements for the zero-point offender adjustment.  *See* U.S.S.G. § 4C1.1 (a)(10); *see also United States v. Cervantes*, 109 F.4th 944, 947–48 (7th Cir. 2024); *United States v. Leyva*, No. 1:12-cr-00328-JLT-SKO-4, 2024 WL 4480205, at *2 (E.D. Cal. Oct. 11, 2024) (holding that because the defendant received an upward adjustment under § 3B1.1, he "does not meet the criteria set forth at U.S.S.G. § 4C1.1(a)(10) and, as a result, he is ineligible for relief under 18 U.S.C. § 3582(c)(2)"); *United States v. Cabrera-Arteaga*, No. 12-cr-00030-EMC-19, 2024 WL 4133809, at *1 (N.D. Cal. Sept. 9, 2024) ("While Mr. Cabrera-Arteaga has zero criminal history points, he does not qualify for the two-level reduction for zero-point offenders because of the adjustment for Aggravating role.  *See* USSG § 1B1.10 Part B, USSG § 4C1.1(a)(10).").[3]

Because defendant Huitron is ineligible for a modification of his sentence based on Amendment 821, the court need not proceed to the second step of the § 3582(c)(2) analysis to consider again the § 3553(a) sentencing factors.  *Dillon*, 560 U.S. at 826–27.  The pending motion for a sentence reduction will therefore be denied.

/////

/////

/////

/////

/////

---

[2]  Indeed, the court specifically overruled defendant's objection to this upward adjustment based upon his role as a leader in connection with the offense of conviction.  (*See* Doc. Nos. 453, 456.)

[3]  Although defendant does not seek a reduction in his sentence pursuant to Part A of Amendment 821 (Doc. No. 459), it is clear that he is ineligible for relief under that provision as well.  Part A of Amendment 821 decreases the number of "status points" received under U.S.S.G. § 4A1.1 by individuals who commit their offense while under a criminal justice sentence.  However, defendant's PSR does not reflect that he was under any criminal justice sentence when he committed the offense for which he was sentenced by this court and he was not assessed any status points.  (*See* Doc. No. 450 at 9.)

**CONCLUSION**

For the reasons explained above, the court denies defendant Huitron's motion for reduction of his sentence pursuant to § 3582(c)(2). (Doc. No. 459.) The Clerk of the Court is directed to close this case once again.

IT IS SO ORDERED.

Dated: **November 15, 2024**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE